Tomas **AFEWORKI,** Plaintiff–Appellant,

v.

Judy **HUBERT;** et al., Defendants–Appellees.

No. 08–35750.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Oct. 7, 2009.

Tomas Afeworki, Steilacoom, WA, pro se.

Douglas W. Carr, Assistant Attorney General, Attorney General's Office, Olympia, WA, for Judy Hubert, Tom Ahearn, John Does, Sgt. Maitland.

Robert Tad Seder, Everett, WA, for Charlotte Comers.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM** **

Washington state prisoner Tomas Afeworki appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wyatt v. Terhune,* 315 F.3d 1108, 1117 (9th Cir.2003). We affirm.

The district court properly dismissed the action against the Department of Corrections defendants because Afeworki did not properly exhaust all available administrative remedies before filing his complaint in federal court. *See Woodford v. Ngo,* 548 U.S. 81, 90–91, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (explaining that "proper exhaustion" under the Prison Litigation Reform Act requires adherence to administrative procedural rules); *see also Brown v. Valoff,* 422 F.3d 926, 935 (9th Cir.2005) ("[T]he obligation to exhaust available remedies persists as long as some remedy remains available.").

Afeworki fails to raise, and therefore waives, any challenge to the district court's judgment dismissing the action against defendant Comer. *See Entm't Research Group, Inc. v. Genesis Creative Group, Inc.,* 122 F.3d 1211, 1217 (9th Cir.1997) ("We review only issues which are argued specifically and distinctly in a party's opening brief.") (citations omitted).

We deny Comer's request to impose a strike against Afeworki pursuant to 28 U.S.C. § 1915(g).

Afeworki's remaining contentions are unpersuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.